UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LANELLE DENN,

Petitioner,

v.

T. HORNBEAK, Warden,

Respondent.

/

1:11-CV-00808 LJO GSA HC

FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS

[Doc. #11]

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following her conviction by guilty plea on March 15, 1996, of first degree murder and personally using a firearm in the commission of the murder. On May 14, 1996, she was sentenced to serve an indeterminate term of 34 years to life in state prison.

Petitioner did not appeal her conviction. She did however file six petitions for writ of habeas corpus in the state courts, as follows:

[1] This information is derived from the documents lodged by Respondent with his response.

1. Fresno County Superior Court
Filed: May 30, 2007[2];
Denied: June 22, 2007;

2. California Court of Appeal, Fifth Appellate District
Filed: August 24, 2007[3];
Denied: October 4, 2007;

3. California Court of Appeal, Fifth Appellate District
Filed: December 18, 2007;
Denied: April 17, 2008;

4. Fresno County Superior Court
Filed: June 24, 2009;
Denied: August 14, 2009;

5. California Court of Appeal, Fifth Appellate District
Filed: October 31, 2009;
Denied: February 3, 2010;

6. California Supreme Court
Filed: March 1, 2010;
Denied: May 16, 2011.

(See Resp't's Lodged Docs. 2-11.)

On May 16, 2011, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. Rule 3(d) of the Rules Governing Section 2254 Cases. On August 22, 2011, Respondent filed a motion to dismiss the petition for violating the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on September 9, 2011. Respondent filed a reply on October 17, 2011.

**DISCUSSION**

I. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed the respondent to file a motion to dismiss in lieu of an answer

---

[2]The Court is unable to apply the mailbox rule to this petition because a copy of the petition is not provided. Respondent notes that the denial order shows the petition was filed on May 30, 2007. In any case, as will be discussed, the date of filing makes no difference to the time calculations.

[3]Pursuant to the mailbox rule, the Court will deem the petitions filed on the dates set forth in the proofs of service, if they are provided. Houston v. Lack, 487 U.S. 266, 276 (1988).

if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on May 16, 2011, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year limitations period on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, Petitioner did not appeal her conviction. Thus, direct review concluded on July 13, 1996, when the sixty (60) day period for filing a notice of appeal expired. Cal. Rules of Court, rule 30.1 (renumbered to rule 8.308(a)). The statute of limitations commenced on the following day, July 14, 1996, and expired one year later on July 13, 1997. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001). In this case, Petitioner delayed filing the instant petition until May 18, 2011, exceeding the due date by over thirteen years. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

A. Later Start Date Based on 28 U.S.C. § 2244(d)(1)(B)

Petitioner complains that she was a victim of Intimate Partner Battering or "IPB" (formerly "Battered Women's Syndrome"). She states that at the time of her trial and conviction, IPB evidence was limited in admissibility. She notes that on August 29, 1996, the California Supreme Court issued its decision in People v. Humphrey, 13 Cal.4th 1073 (1996), and expanded the admissibility of IPB evidence. She further notes that in 2005, Cal. Penal Code § 1473.5[4] was amended to allow the filing of state habeas petitions raising IPB claims by those convicted before Humphrey was

---

[4] The 2005 version of Cal. Penal Code § 1473.5 provided, in relevant part:

(a) A writ of habeas corpus also may be prosecuted on the basis that expert testimony relating to intimate partner battering and its effects, within the meaning of Section 1107 of the Evidence Code, was not received in evidence at the trial court proceedings relating to the prisoner's incarceration, . . . .

(b) This section is limited to violent felonies . . . that were committed before August 29, 1996, and that resulted in judgments of conviction after a plea or trial as to which expert testimony admissible pursuant to Section 1107 of the Evidence Code may be probative on the issue of culpability.

[Subdivisions (c)-(e) omitted.]

From 2005, Cal. Evid. Code § 1107 has stated, in relevant part:

(a) In a criminal action, expert testimony is admissible by either the prosecution or the defense regarding intimate partner battering and its effects, including the nature and effect of physical, emotional, or mental abuse on the beliefs, perceptions, or behavior of victims of domestic violence, except when offered against a criminal defendant to prove the occurrence of the act or acts of abuse which form the basis of the criminal charge.

[Subdivisions (b)-(f) omitted.]

decided.

Petitioner claims the statute of limitations did not commence until January 1, 2005, when California Penal Code § 1473.5 was amended to allow her to file a state habeas petition to challenge the inadmissibility of IPB evidence at trial. She claims this was an impediment which prevented her from timely complying with the limitations period under 28 U.S.C. § 2244(d)(1)(B).

Under 28 U.S.C. § 2244(d)(1)(B), Petitioner must demonstrate that she was (1) impeded from filing her federal petition, (2) that the impediment was created by State action, and (3) that the impediment violated the Constitution or laws of the United States. Petitioner's arguments fail these requirements. First, she does not identify an impediment. The amendment to Cal. Penal Code § 1473.5 authorized the filing of a state habeas petition raising challenges to the admissibility of IPB evidence. However, nothing prevented Petitioner from exhausting such a claim in state court and presenting it to federal court at any time following conviction. Second, California officials did not act to prevent her from filing her federal petition. She was free to do so at any time following conviction. Third, Petitioner fails to demonstrate that the alleged impediment was a violation of the Constitution or laws of the United States. Accordingly, she does not qualify for a later trigger date under § 2244(d)(1)(B).

B. Later Start Date Based on 28 U.S.C. § 2244(d)(1)(C)

Petitioner also vaguely asserts that she is entitled to a later trigger date pursuant to 28 U.S.C. § 2244(d)(1)(C), which allows for the commencement of the statute of limitations as of the date a constitutional right is recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Petitioner's arguments do not qualify under this provision for the simple reason that the statute at issue is a California statute, not a United States Supreme Court case.

C. Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

As previously noted, 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a

petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). If the state court states the petition was untimely, "that [is] the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was "entangled" with the merits." Carey, 536 U.S. at 226; Pace, 544 U.S. at 414.

As previously stated, the statute of limitations began to run on July 14, 1996, and expired on July 13, 1997. Petitioner did not file her first state habeas petition for nearly ten years after the limitations period had expired. Therefore, the petition, as well as all subsequently filed state petitions, could have no tolling effect. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Accordingly, Petitioner is not entitled to statutory tolling, and the federal petition remains untimely.

D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner fails to demonstrate that any extraordinary circumstance prevented her from timely filing her federal petition. Moreover, she fails to demonstrate the requisite diligence. Even if the Court determined that the statute should not commence until January 1, 2005, as she requests, she

still delayed filing her first state habeas petition for over two years. She also delayed for unreasonable periods of time between her numerous state habeas petitions, and unreasonably delayed again before filing her federal petition. Therefore, Petitioner is not entitled to equitable tolling and the petition remains untimely.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **October 31, 2011**

/s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE